# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

MELISSA M. McCALL,

    Plaintiff,

v.

PORTFOLIO RECOVERY
ASSOCIATES, LLC,

    Defendant.

Case No. 6:19-cv-00659

## COMPLAINT

NOW COMES, MELISSA M. McCALL, through counsel, SULAIMAN LAW GROUP, LTD., complaining of PORTFOLIO RECOVERY ASSOCIATES, LLC, as follows:

## NATURE OF THE ACTION

1. This is an action brought by a consumer seeking redress for alleged violation(s) of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq*.; and the bankruptcy discharge injunction, 11 U.S.C. § 524.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1334.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

4. MELISSA M. McCALL ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Oakwood, Texas.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. PORTFOLIO RECOVERY ASSOCIATES, LLC ("Defendant") is a limited liability company organized under the laws of Delaware.

7. Defendant has its principal place of business at 120 Corporate Boulevard, Suite 100, Norfolk, Virginia 23502.

8. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as the principal purpose of Defendant's business is the collection of debt.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

10. Plaintiff applied for and obtained a Barclays Bank Delaware ("Barclays US") credit card.

11. Plaintiff made various personal charges on this credit card.

12. Plaintiff fell into default on payments to Barclays US.

13. Barclays US placed Plaintiff's account with Defendant for collection.

14. On April 3, 2019, Plaintiff filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

15. Simultaneously with the voluntary petition for relief, Plaintiff filed her Schedule E/F: Creditors Who Have Unsecured Claims – listing Defendant.

16. Defendant received the Notice of Chapter 7 Bankruptcy Case issued by the bankruptcy clerk's office on April 5, 2019.

17. On July 9, 2019, the Bankruptcy Court entered an Order of Discharge for the benefit of Plaintiff under 11 U.S.C. § 727.

18. A discharge in a case under this title – operates as an injunction against the …continuation of an action, … or an act, to collect, recover or offset any such debt as a personal liability of the debt.  11 U.S.C. § 524(a)(2).

19. On July 23, 2019, Case No. CV2018-099R, *Portfolio Recovery Associates, LLC v. Melissa McCall* was set for Default Judgment Hearing on September 9, 2019 at 10:00 AM in Leon County, Texas.

## DAMAGES

20. Defendant's post-discharge collection activities caused Plaintiff anxiety and mental anguish as Plaintiff believed she was obligated to Defendant notwithstanding Plaintiff's discharge.

21. Specifically, Defendant's post-discharge collection activities caused Plaintiff to question whether Plaintiff's bankruptcy had any effect.

22. Concerned with having had her rights violated, Plaintiff sought counsel to ensure that Defendant's unlawful post-discharge collection activities stopped.

23. Accordingly, Plaintiff needed to expend time consulting with attorneys as direct result of Defendant's unlawful post-discharge collection activities.

## **CLAIMS FOR RELIEF**

### **COUNT I:**
### **Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq*.)**

24. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### **Violation of 15 U.S.C. § 1692f**

25. Section 1692f provides:

    A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section.

    (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

26. A discharge "operates as an injunction against the commencement or ***continuation of an action***, the employment of process, or an act to collect, recover, or offset … as a personal liability of the debtor" any debt discharged under section 727. 11 U.S.C. § 524 (a).

27. Defendant's continuation of a pre-petition lawsuit against Plaintiff was not permitted by law; and as a result, violates 15 U.S.C. § 1692f(1).

28. Plaintiff may enforce the provisions of 15 U.S.C. § 1692f(1) pursuant to section k of the Fair Debt Collection Practices Act (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the Fair Debt Collection Practices Act] with respect to any person is liable to such person in an amount equal to the sum of -

    (1) any actual damage sustained by such person as a result of such failure;

    (2)

        (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(1)    in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff request the following relief:

A.    find that Defendant violated 15 U.S.C. § 1692f(1);

B.    award any actual damage sustained by Plaintiff as a result of Defendant's violation pursuant to 15 U.S.C. § 1692k(a)(1);

C.    award such additional damages, as the Court may allow, but not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

D.    award costs of this action including expenses together with reasonable attorneys' fees as determined by this Court pursuant to 15 U.S.C. § 1692k(a)(3); and

E.    award such other relief as this Court deems just and proper.

### COUNT II:
### Bankruptcy Discharge Injunction (11 U.S.C. § 524)

31.    All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

32.    A discharge "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act to collect, recover, or offset … as a personal liability of the debtor" any debt discharged under section 727.  11 U.S.C. § 524(a).

33.    Congress clearly set forth the purpose of this section in the legislative history, noting:

> The injunction is to give complete, effect to the discharge and to eliminate any doubt concerning the effect of the discharge as a total prohibition on debt collection efforts.  This paragraph has been expanded … to cover any act to collect, such as dunning by telephone or letter, or indirectly through … harassment, threats of

repossession and the like.  The change is … intended to ensure that once a debt is discharged, the debtor will not be pressured in any way to repay it.

H.R.Rep. No. 595, 95th Cong., 1st Sess. 363-64 (1978); S. Rep. No. 959, 95th Cong., 2d Sess. 80 (1978).

34. The United States Supreme Court described the protection which a debtor derives from the entry of a discharge order as one of the "critical features of every bankruptcy proceeding…." *Cent. Virginia Cmty. Coll. v. Katz*, 546 U.S. 356, 364 (2006), 126 S. Ct. 990, 163 L. Ed. 2d 945 (2006).

35. As one court addressing the violation of a discharge injunction has stated,

The basic purpose of the bankruptcy system is to provide the debtor with a "fresh start." … Discharge is the legal embodiment of the "fresh start."  It is the barrier that prevents creditors from reaching the wages, property, and other assets of debtors in bankruptcy.  In other words, discharge establishes a legal right not to pay a debt and safeguards against harassment by the creditor….

*Walker v. M & M Dodge, Inc.* (*In re Walker*), 180 B.R. 834, 840-41 (Bankr. W.D. La. 1995).

36. In fact,

The automatic stay and discharge injunction are cornerstones of bankruptcy law.  They are, respectively, a fundamental debtor protection and a fundamental debtor objective.  The automatic stay assists debtors in regaining their financial footing by allowing them to do so free from collection efforts.  And, having successfully completed the bankruptcy process, discharge provides debtors with a new opportunity in life and a clear field for future effort, unhampered by the pressure and discouragement of pre-existing debt.  But the automatic stay and discharge injunction must be enforced to provide any meaningful protection or incentive.

*Curtis v. LaSalle Nat'l Bank*, (*In re Curtis*), 322 B.R. 470, 483 (Bankr. D. Mass. 2005).

37. Indeed, when a discharge injunction is violated, a debtor is denied one of the primary benefits offered by the present bankruptcy system.

38. Plaintiff's debt to Defendant was discharged under 11 U.S.C. § 727.

39. Defendant violated the discharge injunction by its continuing of a pre-petition lawsuit against Plaintiff.

40. Because the enforcement of the discharge injunction is such a critical component of the current bankruptcy system, it has been widely recognized that bankruptcy courts possess the authority to impose civil sanctions for a party's willful violation of the discharge injunction provided by 11 U.S.C. § 524.

41. The imposition of sanctions "may include actual damages, attorneys' fees and, when appropriate, punitive damages." *Cherry v. Arendall* (*In re Cherry*), 247 B.R. 176, 187 (Bankr. E.D. Va. 2000); *In re Barry*, 330 B.R. 28, 37 (Bankr. D. Mass. 2005); *In re Ray*, 262 B.R. 580, 583 (Bankr. D. Me. 2001); *Watkins v. Guardian Loan Co.* (*In re Watkins*), 240 B.R. 668 (Bankr. E.D.N.Y. 1999); *In re Vazquez*, 221 B.R. 222 (Bankr. N.D. Ill. 1998); *In re Arnold*, 206 B.R. 560 (Bankr. N.D. Ala. 1997); *Walker*, 180 B.R. at 834, 840-41 (Bankr. W.D. La. 1995) [assessing actual damages, attorney's fees and punitive damages for violation of § 524 discharge injunction]. *See also Gervin v. Cadles of Grassy Meadows II, LLC* (*In re Gervin*), 337 B.R. 854, 2005 WL 3747958, at *2 (Bankr. W.D. Tex. 2005) and *In re Feldmeier*, 335 B.R. 807 (Bankr. D. Or. 2005) [awarding actual damages for emotional distress and attorney's fees for violation of § 524 discharge injunction].

**WHEREFORE**, Plaintiff request the following relief:

A. find that Defendant violated 11 U.S.C. § 524;

B. award any actual damage sustained by Plaintiff as a result of Defendant's violation;

C. award such punitive damages, as the Court may allow;

D. award costs and attorneys' fees as the Court may allow; and

E. award such other relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: November 15, 2019                                 Respectfully submitted,

**MELISSA M. McCALL**

By: */s/ Joseph S. Davidson*

Mohammed O. Badwan
Joseph S. Davidson
**SULAIMAN LAW GROUP, LTD.**
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
mbadwan@sulaimanlaw.com
jdavidson@sulaimanlaw.com